**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**OBIDIAH MCCASKILL,**

      **Plaintiff,**

**vs.**                             **Case No. 4:17cv151-WS/CAS**

**C. SIMCOX, et al.,**

      **Defendants.**

_____/


## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, filed a fourth amended complaint, ECF No. 15, and a week later, he filed a "motion to stay" this case. ECF No. 16. It appeared that Plaintiff was seeking to stay this case so that he could exhaust administrative remedies. *Id.* Plaintiff said that he "just recently learned of the exhaustion requirement under § 2254(b)(c)." *Id.* at 1.

An Order to Show Cause was entered on August 3, 2017, denying Plaintiff's motion and advising him that § 2254 applies only to habeas cases and not this case because it is a civil rights action. ECF No. 17. Plaintiff was informed that he need not be concerned about the exhaustion requirement of § 2254, however, he must consider that a separate statute,

42 U.S.C. § 1997e(a), requires prisoners to exhaust administrative remedies prior to filing the lawsuit.  *Id.*

There is a more problematic issue.  Plaintiff has brought a general challenge to the lawfulness of using veterans benefits to pay prison liens. ECF No. 15.  Plaintiff's complaint indicates that he previously initiated another action in state court concerning the same issue raised in this case: the legality of using his veterans benefits to pay liens imposed by the Florida Department of Corrections.  ECF No. 15 at 4-5.  Plaintiff was informed that he may not pursue this case if he already litigated that issue in his prior state court case.  ECF No. 17.  In that event, the doctrine of "res judicata" would bar the filing of a claim in federal court if: (1) the claim was previously raised in state court, or (2) the claim *could* have been raised in his prior state court case.  *Id.*

Not only was Plaintiff advised in the prior Order to Show Cause of this problem, an earlier Order, *see* ECF No. 12, did so as well.  Plaintiff was informed that his claim appeared to be barred by res judicata because he had already filed a case in state court concerning this claim, and he said the state court case was dismissed on June 5, 2017.  ECF No. 12 at 1-2. He has been given multiple opportunities to respond to the Court and

Case No. 4:17cv151-WS/CAS

demonstrate that he has a viable claim which is not barred by res judicata, but he has not responded.

"Florida law establishes that '[a] judgment on the merits rendered in a former suit between the same parties or their privies, upon the same cause of action, by a court of competent jurisdiction, is conclusive not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action.'" Fla. Dep't of Transp. v. Juliano, 801 So.2d 101, 105 (Fla. 2001) (quoting Kimbrell v. Paige, 448 So.2d 1009, 1012 (Fla. 1984)) (quoted in Muhammad v. Sec'y, Florida Dep't of Corr., 739 F.3d 683, 688 (11th Cir. 2014)). "Res judicata applies not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same 'operative nucleus of fact.'" Manning v. City of Auburn, 953 F.2d 1355, 1358-59 (11th Cir. 1992).

Plaintiff previously attached a copy of the order entered by Judge Nina Ashenafi Richardson in state court case 2016-CC-002896 to his recent fourth amended complaint. ECF No. 15 at 20-24. The order by Judge Richardson demonstrates that Plaintiff raised his Supremacy Clause argument and challenged the same issue he raises in this case.

Accordingly, because Plaintiff has not responded to prior orders, it appears

that Plaintiff has now abandoned this litigation.[1]  Moreover, this case

should be dismissed because it is barred by res judicata.

    It is respectfully **RECOMMENDED** that Plaintiff's fourth amended

complaint, ECF No. 15, be **DISMISSED** because it is barred by the doctrine

of res judicata, and because Plaintiff has abandoned this case by failing to

respond to court orders.

    **IN CHAMBERS** at Tallahassee, Florida, on September 14, 2017.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Plaintiff has also filed a notice of change of address which reveals that he has been released from prison.  ECF No. 18.

Case No. 4:17cv151-WS/CAS

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.